## THE PEOPLE *v.* AGOSTO.

### APPEAL from the District Court of San Juan.

No. 10.—Decided April 16, 1906.

APPEAL—BILL OF EXCEPTIONS—STATEMENT OF FACTS—FUNDAMENTAL ERRORS.— Where no bill of exceptions or statement of facts is presented the appellate court can only consider such fundamental errors as appear from the documents constituting the record in the case.

STATUTES—DISCREPANCY BETWEEN ENGLISH AND SPANISH VERSIONS.—Where discrepancies exist between the English and Spanish versions of a law the English must be considered as the original, because it is the copy signed by the Governor, and the Spanish text should therefore be subordinate to the English.

ID.—ATTACK WITH INTENT TO COMMIT HOMICIDE.—In this case the defendant was pronounced guilty of an assault with intent to commit manslaughter and sentenced to five years in the penitentiary at hard labor in accordance with section 223 of the Spanish version of the Penal Code. *Held:* That the punishment imposed upon the accused was greater than that authorized by the law, because in accordance with the same section of the English version of said Code the maximum punishment for said crime was one year in the penitentiary and a $500 fine; the judgment was reversed and a new trial ordered. The *fiscal* thereupon moved for a reconsideration of the judgment, attaching to his motion a certificate of the Secretary of Porto Rico showing that section 223 of the original English version of the Penal Code on file in his office was drafted in the same form as it appeared in the printed copy of the Spanish version, and this being the case the judgment of the court below was correct; the Supreme Court accordingly vacated its judgment directing a new trial and affirmed the judgment appealed from.

The facts are stated in the opinion.

*Mr. Hernández López* for appellant.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

The defendant in this case was prosecuted in the District Court of San Juan for assault with intent to commit manslaughter. The information was duly presented and he was properly arraigned on the 14th of August, 1905. On the trial, which occurred on the 4th of December, 1905, the jury brought in a verdict of guilty of assault with intent to commit manslaughter of which he was accused. There is no statement of facts nor bill of exceptions to be found in the record, and for that reason we have only to examine the latter for any fundamental error which may appear therein.

Such an error is found in the sentence itself.

In the sentence the defendant is declared guilty of assault with intent to commit manslaughter, and, the court, in compliance with its judgment of the 4th of December, condemns the said Santiago to suffer the punishment of five years in the penitentiary at hard labor.

On examining the original English of the Penal Code, we find that section 223 reads as follows:

"Every person who is guilty of an assault, with intent to commit any felony, except an assault with intent to commit murder, the punishment for which assault is not prescribed by the preceding section, is punishable by imprisonment in the penitentiary not exceeding one year, or by fine not exceeding $500, or by both."

It has been repeatedly decided by this court that the English statutes passed by the Legislative Assembly of Porto Rico and signed by the Governor are the originals, and that the Spanish version is only to be regarded as a translation of the English, and that consequently, where there is a discrepancy between the two, the English must be followed. It will be seen by a comparison of the English and Spanish versions of section 223 that the words *de cinco años ó de cárcel por el máximo* are interpolated in the Spanish, and do not appear in the original English. This mistake of the translator is almost incomprehensible; especially as the distinguished

counsel who represented the prisoner in the court below was one of the commission to codify the laws, and presented them to the Legislature for adoption. Nor was this error in the translation observed either by the *fiscal* of the district court, or by the district judge who tried the case, or by the *fiscal* of the Supreme Court.

Clearly the unfortunate prisoner, however guilty he may have been, has received a sentence in excess of that allowed by law. As this error is fundamental the judgment of the district court must be reversed, and the cause remanded for a new trial.

*Reversed and new trial ordered.*

Chief Justice Quiñones, and Justices Hernández, Figueras and Wolf concurred.

Opinion delivered on May 10, 1906, by virtue of the motion of the *fiscal* for a reconsideration.

The record as amended having been carefully examined by the court no fundamental error is found therein. Neither is there a bill of exceptions, statement of facts nor statement of the case presented this court. The information, the verdict, judgment and sentence appear to be correct and in accordance with proper procedure. In the absence of any fundamental error apparent upon the record, the judgment of the district court should be

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, Figueras and Wolf concurred.